UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAKESHA DATRICE DAVIS,

                Petitioner,

                                    Case Number 10-12190
v.                                  Honorable David M. Lawson

MILLICENT WARREN,

                Respondent.

_____/

**OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner Jakesha Datrice Davis pleaded guilty to armed robbery under an agreement that she receive an indeterminate sentence no greater than three to ten years in prison. That is the sentence she received, but she now seeks a writ of habeas corpus under 28 U.S.C. § 2254 because she believes that her sentencing guidelines were scored incorrectly, the sentencing judge relied on inaccurate information that she never admitted in her plea colloquy, and her sentence is unconstitutional. The Court finds no constitutional infirmity in the petitioner's conviction or sentence, and therefore the petition will be denied.

I.

The petitioner aided two other women committing an armed robbery of a Walgreens store in Macomb County, Michigan on April 7, 2008. She pleaded guilty to armed robbery on September 10, 2008 in exchange for the dismissal of other charges, including a habitual offender enhancement; the plea bargain included a sentencing agreement that her minimum sentence would not exceed 36 months imprisonment and her maximum sentence would not exceed 10 years imprisonment. During the plea colloquy, the petitioner admitted driving two other women to the store knowing that they were armed and intended to rob the store. The trial court accepted her plea, finding it to be knowing

and voluntary.  On October 21, 2008, the trial court conducted a sentencing hearing and then sentenced the petitioner to 36 months to 10 years imprisonment in accordance with her plea agreement.

The petitioner subsequently filed a delayed application for leave to appeal in the Michigan Court of Appeals raising the same claims presented on habeas review.  The court denied leave to appeal "for lack of merit in the grounds presented."  *People v. Davis*, No. 294060 (Mich. Ct. App. Oct. 23, 2009) (unpublished).  The Michigan Supreme Court denied leave to appeal in a standard order.  *People v. Davis*, 485 Mich. 1104, 778 N.W.2d 258 (2010).

The petitioner timely filed her federal habeas petition after exhausting state court remedies.  At the time she filed her petition, Davis was confined at the Women's Huron Valley Correctional Facility, where respondent Millicent Warren is the warden.  The petitioner presently is on parole.

The petition states the following claims for relief:

I.      The petitioner's sentence is invalid and the matter must be remanded to correct it.

     A.      She must be re-sentenced where the sentence guidelines were mis-scored.

     B.      The sentence was invalid where it was based on inaccurate information which the judge failed to address. The PSI must be corrected and she must be re-sentenced.

II.     Due process requires re-sentencing where the court enhanced her sentence based on facts neither admitted by her nor proven to a jury beyond a reasonable doubt.  US Const Am VI, XIV.

The respondent opposes the petition contending that the claims are not cognizable, lack merit, and do not warrant habeas relief.

II.

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996), which govern this case, "circumscribe[d]" the standard of review federal courts must apply when considering an application for a writ of habeas corpus raising constitutional claims, including claims of ineffective assistance of counsel. *See Wiggins v. Smith*, 539 U.S. 510, 520 (2003). As amended, 28 U.S.C. § 2254(d) permits a federal court to issue the writ only if the state court decision on a federal issue "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court," or it amounted to "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2); *Franklin v. Francis*, 144 F.3d 429, 433 (6th Cir. 1998). Under that review standard, mere error by the state court does not justify issuance of the writ; rather, the state court's application of federal law "must have been objectively unreasonable." *Wiggins*, 539 U.S. at 520-21 (quoting *Williams v. Taylor*, 529 U.S. 362, 409 (2000) (internal quotes omitted)). Additionally, this Court must presume the correctness of state court factual determinations. 28 U.S.C. § 2254(e)(1) ("In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct."); *see also West v. Seabold*, 73 F.3d 81, 84 (6th Cir. 1996) (stating that "[t]he court gives complete deference to state court findings of historical fact unless they are clearly erroneous").

The Supreme Court has explained the proper application of the "contrary to" clause as follows:

> A state-court decision will certainly be contrary to [the Supreme Court's] clearly established precedent if the state court applies a rule that contradicts the governing law set forth in our cases. . . .
>
> A state-court decision will also be contrary to this Court's clearly established precedent if the state court confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from [the Court's] precedent.

*Williams*, 529 U.S. at 405-06.

The Supreme Court has held that a federal court should analyze a claim for habeas corpus relief under the "unreasonable application" clause of § 2254(d)(1) "when a state-court decision unreasonably applies the law of this Court to the facts of a prisoner's case." *Id*. at 409.  The Court has explained that an unreasonable application of federal law is different from an incorrect application of federal law.  Under that language, "a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams*, 529 U.S. at 413. The Supreme Court has continued to emphasize the limited nature of this review.  In its recent unanimous decision in *Harrington v. Richter*, --- U.S. ---, 131 S. Ct. 770 (2011), the Court reiterated that the AEDPA requires federal habeas courts to review state court decisions with "deference and latitude," and "[a] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Id.* at 786 (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).  The Sixth Circuit observed recently that "[t]his is a very high standard, which the [Supreme] Court freely acknowledges." *Peak v. Webb*, 673 F.3d 465, 472 (6th Cir. 2012).  The *Peak* court suggested that *Richter* holds that the review standard "is even more constricted than AEDPA's plain language already suggests." *Ibid.*

The distinction between mere error and an objectively unreasonable application of Supreme Court precedent creates a substantially higher threshold for obtaining relief than *de novo* review. The AEDPA thus imposes a highly deferential standard for evaluating state-court rulings, and demands that state-court decisions be "given the benefit of the doubt." *Renico v. Lett*, --- U.S. ---, ---, 130 S. Ct. 1855, 1862 (2010) (finding that the state court's rapid declaration of a mistrial on grounds of jury deadlock was not unreasonable even where "the jury only deliberated for four hours, its notes were arguably ambiguous, the trial judge's initial question to the foreperson was imprecise, and the judge neither asked for elaboration of the foreperson's answers nor took any other measures to confirm the foreperson's prediction that a unanimous verdict would not be reached" (internal quotation marks and citations omitted)); *see also Peak*, 673 F.3d at 473-74; *Bray v. Andrews*, 640 F.3d 731, 737-39 (6th Cir. 2011); *Phillips v. Bradshaw*, 607 F.3d 199, 205 (6th Cir. 2010); *Murphy v. Ohio*, 551 F.3d 485, 493-94 (6th Cir. 2009); *Eady v. Morgan*, 515 F.3d 587, 594-95 (6th Cir. 2008); *Davis v. Coyle*, 475 F.3d 761, 766-67 (6th Cir. 2007); *King v. Bobby*, 433 F.3d 483, 489 (6th Cir. 2006); *Rockwell v. Yukins*, 341 F.3d 507, 511 (6th Cir. 2003) (en banc). Moreover, habeas review is "limited to the record that was before the state court." *Cullen v. Pinholster*, --- U.S. ---, 131 S. Ct. 1388, 1398 (2011).

The petitioner first asserts that she is entitled to habeas relief because the state trial court mis-scored her sentencing guidelines. A claim that the state trial court incorrectly scored, calculated, or applied the state legislative sentencing guidelines is not a cognizable claim for federal habeas review because it is based solely on state law. *See McPhail v. Renico*, 412 F. Supp. 2d 647, 656 (E.D. Mich. 2006). "A federal court may not issue the writ on the basis of a perceived error of state law." *Pulley v. Harris*, 465 U.S. 37, 41 (1984). Therefore, the petitioner's claim that the trial court

2:10-cv-12190-DML-MAR   Doc # 13   Filed 07/20/12   Pg 6 of 8   Pg ID 218

erred in scoring Offense Variables 1, 4, and 8 under the state sentencing guidelines is not cognizable on federal habeas review because it is a state law claim. *See Howard v. White*, 76 F. App'x 52, 53 (6th Cir. 2003) ("A state court's alleged misinterpretation of state sentencing guidelines and crediting statutes is a matter of state concern only."); *Cook v. Stegall*, 56 F. Supp. 2d 788, 797-98 (E.D. Mich. 1999).

The petitioner's contention that her sentence was increased based upon facts neither proven beyond a reasonable doubt nor admitted by her fairs no better. The petitioner believes that *Blakely v. Washington*, 542 U.S. 296 (2004), and *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000), support her position. However, the claim that Michigan's sentencing guideline system, wherein judge-found facts are used to establish the minimum sentence of an indeterminate sentence, violates the Sixth Amendment, has been foreclosed by the Sixth Circuit's decision in *Chontos v. Berghuis*, 585 F.3d 1000, 1002 (6th Cir. 2009) ("[The petitioner] argues that the Michigan trial judge violated *Apprendi* by finding facts that raised his minimum sentence. But *Harris v. United States* tells us that *Apprendi*'s rule does not apply to judicial factfinding that increases a minimum sentence so long as the sentence does not exceed the applicable statutory maximum."); *see also Montes v. Trombley*, 599 F.3d 490, 495 (6th Cir. 2010) (the *Blakely-Apprendi* rule requiring any fact that increases the penalty for a crime beyond the prescribed statutory maximum to be submitted to a jury and proved beyond a reasonable doubt does not apply to laws that set the maximum sentence by statute but that permit a judge to determine the minimum sentence through judicial factfinding, and does not preclude a judge from utilizing the preponderance-of-the-evidence standard when finding facts related to sentencing). This Court is bound by the Sixth Circuit's decisions. Because the petitioner's sentence fell within the statutorily-authorized maximum penalty of life imprisonment,

-6-

which was not enhanced by judicial factfinding, no Sixth Amendment violation occurred. Moreover, as noted, the petitioner's sentence was within the limits established by the plea agreement. The petitioner has failed to state a claim upon which federal habeas relief may be granted as to this issue. Habeas relief is not warranted.

The petitioner also asserts that she is entitled to habeas relief because the state trial court relied upon inaccurate information when imposing her sentence. "A sentence [may] violate[] due process if it [is] carelessly or deliberately pronounced on an extensive and materially false foundation which the [defendant] had no opportunity to correct." *Draughn v Jabe*, 803 F. Supp. 70, 80 (E.D. Mich. 1992) (citing *Townsend v. Burke*, 334 U.S. 736, 741 (1948)); *see also United States v. Tucker*, 404 U.S. 443, 447 (1972); *United States v. Sammons*, 918 F.2d 592, 603 (6th Cir. 1990) (criminal defendant must have a meaningful opportunity to rebut contested information at sentencing). To prevail on such a claim, the petitioner must show that the trial judge relied on the materially false information. *See United States v. Polselli*, 747 F.2d 356, 358 (6th Cir. 1984).

The petitioner here has made no such showing. The record reveals that she and defense counsel had an opportunity to challenge the pre-sentence report and other information during the plea and sentencing proceedings. Moreover, it appears that the trial court relied upon the facts of the crime, the petitioner's history, and the parties' plea agreement in imposing sentence. The petitioner has not shown that the trial court relied upon materially false or inaccurate information when imposing her sentence. Rather, it is clear that the petitioner was sentenced in accordance with a very favorable plea and sentencing agreement. Habeas relief is not warranted on this claim.

III.

The state courts' decisions in this case were not contrary to federal law, an unreasonable

application of federal law, or an unreasonable determination of the facts.  The petitioner has not

established that her conviction or sentence violated the Constitution or laws of the United States.

Accordingly, it is **ORDERED** that the petition for writ of habeas corpus is **DENIED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated:   July 20, 2012

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served
upon each attorney or party of record herein by electronic means or first
class U.S. mail on July 20, 2012.

s/Deborah R. Tofil
DEBORAH R. TOFIL

---