UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAKESHA DATRICE DAVIS,

        Petitioner,

                                                    Case Number 10-12190
v.                                                   Honorable David M. Lawson

MILLICENT WARREN,

        Respondent.
_____/

## **ORDER DENYING CERTIFICATE OF APPEALABILITY**

Petitioner Jakesha Datrice Davis pleaded guilty to armed robbery under an agreement that she receive an indeterminate sentence no greater than three to ten years in prison. She filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 because she believed that her sentencing guidelines were scored incorrectly, the sentencing judge relied on inaccurate information that she never admitted in her plea colloquy, and her sentence was unconstitutional. The Court determined that the petitioner was not entitled to relief and denied her petition for writ of habeas corpus.

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, which was amended as of December 1, 2009:

> The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.

Rule 11(a), Rules Governing Section 2254 Cases in the United States District Courts.

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Courts must either issue a certificate

of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); *In re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997). To receive a certificate of appealability, "a petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotes and citations omitted).

The Court denied relief on the petitioner's claim that the trial court mis-scored her sentencing guidelines because that alleged error, which is a matter of state law, does not form the basis of a cognizable claim for habeas relief. *Pulley v. Harris*, 465 U.S. 37, 41 (1984); *Howard v. White*, 76 F. App'x 52, 53 (6th Cir. 2003) ("A state court's alleged misinterpretation of state sentencing guidelines and crediting statutes is a matter of state concern only."). The Court does not believe that reasonable jurists could debate the propriety of the Court's decision. The Court denied the petitioner's *Apprendi* claim because the petitioner's sentence fell within the statutorily-authorized maximum penalty of life imprisonment, which was not enhanced by judicial factfinding. *Chontos v. Berghuis*, 585 F.3d 1000, 1002 (6th Cir. 2009); *see also Montes v. Trombley*, 599 F.3d 490, 495 (6th Cir. 2010). The Court does not believe that reasonable jurists would disagree with the Court's decision. Finally, the Court denied the petitioner's claim that the trial court relied on materially false information when imposing her sentence because the petitioner did not show the trial court relied on materially false information and, even if it did, the petitioner and her counsel had an opportunity to correct the alleged misinformation. *Draughn v Jabe*, 803 F. Supp. 70, 80 (E.D. Mich. 1992)

(citing *Townsend v. Burke*, 334 U.S. 736, 741 (1948)).  The Court believes that reasonable jurists would not debate this point.

The Court concludes that the petitioner has failed to make a substantial showing that she was denied her constitutional rights and that reasonable jurists could not debate the correctness of the Court's decision.  Therefore, the Court will deny a certificate of appealability.

Accordingly, it is **ORDERED** that a certificate of appealability is **DENIED**.

s/David M. Lawson<br>DAVID M. LAWSON<br>United States District Judge

Dated:   July 20, 2012

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 20, 2012.

s/Deborah R. Tofil<br>DEBORAH R. TOFIL

---